Colin K. McCarthy, Esq. (Bar No. 215059)
ckmccarthy@lanak-hanna.com
Alejandro W. Blake, Esq. (Bar No. 336756)
awblake@lanak-hanna.com
Members of
**LANAK & HANNA, P.C.**
1851 East First Street, Suite 700
Santa Ana, CA 92705
Telephone:  (714) 620-2350
Facsimile:   (714) 703-1610

Attorneys for Plaintiff
United States of America for the Use and Benefit of
Sharp Industries LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF SHARP INDUSTRIES LLC, a California limited liability company,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>VISIONARY CONSTRUCTION, INC., a Georgia corporation; DEVELOPERS SURETY AND INDEMNITY COMPANY, an Ohio corporation;<br><br>　　　　　Defendants. | CASE NO.:<br><br>**1. BREACH OF CONTRACT**<br>**2. QUANTUM MERUIT**<br>**3. RECOVERY UNDER MILLER ACT PAYMENT BOND** |

# COMPLAINT

1. Plaintiff, United States for the Use and Benefit of Sharp Industries LLC, a California limited liability company, states as follows:

## PARTIES

2. At all times herein mentioned, Plaintiff United States for the Use and Benefit of Sharp Industries LLC (hereinafter "Use-Plaintiff"), was and is a California limited liability company and was and is a licensed California contractor.

3. Use-Plaintiff is informed and believes and thereon alleges that Defendant Visionary Construction, Inc., ("Visionary") is and at all times herein mentioned was, a corporation organized and existing under the laws of the State of Georgia, with its principal place of business in the City of Atlanta but doing business in and authorized to do business in the State of California. Use-Plaintiff is informed believes and thereon alleges that Defendant Visionary was at all times mentioned herein, a licensed contractor.

4. Use-Plaintiff is informed and believes and thereon alleges that Defendant Developers Surety and Indemnity Company ("Developers") is and at all times herein mentioned was, a corporation organized and existing under the laws of the State of Ohio, with its principal place of business in the City of Cleveland but doing business in and authorized to do business in the State of California.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to the 28 U.S.C. § 1331 and the provisions of the Miller Act, 40 U.S.C. § 3133(b)(3)(B). The Court has supplemental jurisdiction over the state law claims alleged in this Complaint pursuant to 28 U.S.C. § 1367.

6. The allegations set forth in this Complaint relate to labor, services, materials, and equipment furnished by Use-Plaintiff for Visionary in prosecution of the prime contract on a project known as the March AFB LED Fixture Retrofit in March Air Reserve Base, California ("Project") which is owned by the United States of America. Venue therefore lies in the United States District Court for the Central District of

California. 40 U.S.C. § 3133(b)(3)(B) and 28 U.S.C. § 1391(b)(2).

## FIRST CLAIM FOR RELIEF

### (Breach of Contract: Against Vision)

7. Use-Plaintiff incorporates herein by reference as though fully set forth herein, its allegations contained in paragraphs 1 through 6.

8. On or about October 10, 2023, Use-Plaintiff and Defendant Visionary entered into a written subcontract agreement ("Subcontract") under which Use-Plaintiff agreed to perform certain work on the Project as a subcontractor to Vision, as the prime contractor, on the Project. A true and correct copy of the Subcontract is attached hereto as **Exhibit A** and is incorporated herein by reference, as though fully set forth herein.

9. Use-Plaintiff performed all the work required by the Subcontract on the Project and invoiced Defendant Vision for the work performed.

10. Defendant Vision has breached the Subcontract by failing to pay Use-Plaintiff for the work performed by Use-Plaintiff on the Project.

11. As a result of the breach by Defendant Visionary, Use-Plaintiff has been damaged in the principal amount of $90,142.00, plus interest from the date each invoice became due, until paid, contractual attorney's fees per Article 16 of the Subcontract and costs of suit.

## SECOND CLAIM FOR RELIEF

### (Quantum Meruit: Against Visionary)

12. Use-Plaintiff incorporates herein by reference as though fully set forth herein, its allegations contained in paragraphs 1 through 11.

13. Within the last four years in March Air Reserve Base, California, Use-Plaintiff provided labor, materials, and equipment to Visionary at the special request of Visionary. Visionary knew that the labor, materials, and equipment were being provided and agreed to pay their reasonable value to Use-Plaintiff.

14. The fair and reasonable value of these materials provided to Visionary is $90,142.00.

15.  No part of this sum has been paid despite repeated requests from Use-Plaintiff for payment and there is now due and owing from Defendant Visionary to Use-Plaintiff the amount of $90,142.00, plus interest from the date each invoice became due, until paid, plus interest and costs of suit.

### THIRD CLAIM FOR RELIEF

**(Recovery Under Miller Act Payment Bond: Against Visionary and Developers)**

16.  Use-Plaintiff incorporates herein by reference as though fully set forth herein, its allegations contained in paragraphs 1 through 15.

17.  Use-Plaintiff is informed and believes that in connection with the Project, Developers, as surety, issued Payment Bond No. 0102322 ("Developers Bond") for the Project naming Visionary as principal and the United States of America (hereinafter called the Government), as obligee as required by 40 U.S.C. 3131. The Developers Bond guarantees Visionary's payment to Use-Plaintiff under the Subcontract related to the Project. A true and correct copy of the Payment Bond is attached hereto as **Exhibit B** and is incorporated herein by reference, as though fully set forth herein.

18.  The labor, materials, and equipment furnished by Use-Plaintiff to Visionary were intended for use on the Project and were actually used on the Project.

19.  Use-Plaintiff has a direct contractual relationship with Defendant Visionary, the prime contractor on the Project and therefore was not required to provide notice pursuant to 40 U.S.C 3133(b)(2).

20.  Use-Plaintiff is within the class of persons entitled to make a claim on the Developers Bond as it provided labor, materials, and equipment to the Project under contract with Visionary, the prime contractor and Use-Plaintiff has complied with all other requirements requisite to asserting a payment bond claim. Use-Plaintiff is entitled to payment from Developers pursuant to the Miller Act, 40 U.S.C. §3133, including contractual attorney's fees per Article 16 of the Subcontract, interest and costs of suit.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiff United States of America for the Use and Benefit of

Sharp Industries LLC prays as follows:

### ON THE FIRST CLAIM:

1. For damages, according to proof, from Defendant Visionary Construction, Inc., a Georgia corporation, in the amount not less than $90,142.00, plus interest from the date each invoice became due, until paid, contractual attorney's fees, plus interest and costs of suit.

### ON THE SECOND CLAIM:

2. For damages, according to proof, from Defendant Visionary Construction, Inc., a Georgia corporation, in the amount not less than $90,142.00, plus interest from the date each invoice became due, until paid, plus interest and costs of suit.

### ON THE THIRD CLAIM:

3. For damages, according to proof, from Defendant Developers Surety and Indemnity Company, an Ohio corporation, and Defendant Visionary Construction, Inc., a Georgia corporation, in an amount not less than $90,142.00 together with interest on each invoice from the date the invoice became due, until paid, and contractual attorney's fees and costs of suit.

### ON ALL CLAIMS:

4. For costs of suit herein incurred;

5. For such other and further relief as the Court may deem proper.

Dated: February 7, 2025                     Respectfully submitted,

                                            LANAK & HANNA, P.C.

                                            By: _____
                                                COLIN K. MCCARTHY
                                                ALEJANDRO W. BLAKE
                                                Attorney for Use-Plaintiff
                                                United States for the Use and Benefit of
                                                Sharp Industries LLC

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury on all claims.

Dated: February 7, 2025

Respectfully submitted,

LANAK & HANNA, P.C.

By: _____
COLIN K. MCCARTHY
ALEJANDRO W. BLAKE
Attorney for Use-Plaintiff
United States for the Use and Benefit of
Sharp Industries LLC